■ CNP Mechanical, Inc., Respondent, v Allied Builders, Inc., et al., Appellants. (Appeal No. 2.) [885 NYS2d 790]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered September 15, 2008 in a breach of contract action. The judgment was entered upon the order in appeal No. 1 and awarded plaintiff the sum of $70,347.09 against defendant Allied Builders, Inc.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action seeking, inter alia, $429,332.46 in damages resulting from the alleged breach by defendant Allied Builders, Inc., the general contractor, of its subcontract with plaintiff. We agree with defendants that Supreme Court erred in granting plaintiff's motion seeking partial summary judgment in the amount of $62,077.48. In support of its motion, plaintiff submitted a "Subcontract Summary" (Summary) prepared by defendants' counsel, which allegedly constituted an admission by defendants that plaintiff was owed a minimum of $62,077.48. In opposition to the motion, defendants submitted evidence that the Summary was prepared for the purpose of settlement negotiations and was therefore inadmissible as proof of the amount of damages (see CPLR 4547). We conclude that the court erred in determining that the Summary was admissible because it contained readily verifiable facts with respect to the amount owed to plaintiff pursuant to the subcontract and thus erred in granting plaintiff's motion based on the Summary. Even assuming, arguendo, that the Summary was admissible, we further conclude that plaintiff itself raised an issue of fact with respect to the amount set forth in the Summary by submitting documents in its reply papers,

including its responses to defendants' interrogatories, that conflict with the individual amounts listed in the Summary (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.